IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MAXIE TANARD SIMON, #39798-177, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:13-CV-0550-L-BK |
| | § | (3:10-CR-0077-L(02)) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Maxie Tanard Simon filed a *pro se* motion for sentence reduction under 18 U.S.C. § 3582(c)(2) in light of the Supreme Court decision in *Dorsey v. United States*, ___U.S. ___, 132 S. Ct. 2321 (June 21, 2012). The Court re-characterized the section 3582(c)(2) motion as a motion to vacate sentence under 28 U.S.C. § 2255. Simon, through court-appointed counsel, and the Government now agree that the section 2255 motion should be granted and that Simon should be resentenced in accordance with the revised penalty provisions of the Fair Sentencing Act ("FSA"), Pub. L. 111-220, 124 Stat. 2372 (2010). (Doc. 2, 4).[1] Accordingly, it is recommended that Simons' motion to vacate sentence under 28 U.S.C. § 2255 be GRANTED, that his sentence be vacated, and that a new sentencing hearing be scheduled.

SIGNED March 4, 2013.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] The Government has agreed not to invoke the appellate waiver in the plea agreement and procedural defenses that might preclude the Court from granting relief. (Doc. 4 at 3).

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

   A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE